UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MAYRA MARROQUIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| THE PICTSWEET COMPANY, ) | JURY REQUESTED |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PRELIMINARY STATEMENT

1.1     Plaintiff Mayra Marroquin brings this action for damages and declaratory and injunctive relief against The Pictsweet Company ("Pictsweet"), her former employer, who unlawfully discriminated against her and fired her because of her race and national origin.  This action is based on Defendant Pictsweet's violations of Ms. Marroquin's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, et seq. ("Title VII").

JURISDICTION AND VENUE

2.1     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 2000e-5(f)(3), and 42 U.S.C. § 1981a.

2.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

2.3     Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

PARTIES

3.1    Plaintiff Mayra Marroquin is a female of Mexican national origin and is bilingual in English and Spanish.  Ms. Marroquin was employed by Defendant Pictsweet at its plant in Bells, Tennessee from March 2007 until late June 2009.

3.2    Defendant Pictsweet is a corporation organized under the laws of Delaware, with a principal place of business in Bells, Crockett County, Tennessee.

ADMINISTRATIVE EXHAUSTION

4.1    Ms. Marroquin submitted information and a request to file a charge of discrimination to the Equal Employment Opportunity Commission (hereinafter "EEOC") office on or about July 27, 2009 that was stamped as "received" by the EEOC on August 3, 2009.  The Memphis District Office of the EEOC generated a charge form that was signed by Ms. Marroquin and was stamped as "received" by the EEOC on August 14, 2009.

4.2    Ms. Marroquin received a Dismissal and Notice of Rights letter permitting her to file suit on November 27, 2009, and Ms. Marroquin filed suit within 90 days of receiving this right-to-sue letter.

FACTS

5.1    At all times relevant to this action, Defendant Pictsweet was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5.2    At all times relevant to this action, Defendant Pictsweet was an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. §§ 2000e(b), (g), and (h).

5.3    At all times relevant to this action, Ms. Marroquin was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5.4    All of the actions and omissions alleged of the defendant in this complaint were

undertaken by the defendant either directly or through its employees and/or other agents.

5.5     Ms. Marroquin was a Quality Control Labeler for Defendant Pictsweet for over two years.

5.6     In 2007, a Caucasian non-Hispanic Pictsweet employee named James Spencer called Ms. Marroquin a "wetback" and told her she needed to "go back to Mexico." Ms. Marroquin found this racial comment to be highly offensive and harassing and reported it to Defendant Pictsweet's Human Resources Office.

5.7     James Spencer was not disciplined, nor was he subject to any adverse employment action, as a result of the 2007 incident.

5.8     On or around June 23, 2009, Ms. Marroquin was engaged in a conversation with her sister, Karla Marroquin. Karla Marroquin was also employed by Defendant Pictsweet.

5.9     The conversation described above in paragraph 5.8 was in Spanish and was at the workplace, where other employees could hear. One subject of the conversation was a black blouse, in Spanish: "una blusa de color negro."

5.10    On or around June 29, 2009, Ms. Marroquin was fired by Defendant Pictsweet's Human Resources Director, Stephanie Davis.

5.11    According to Stephanie Davis, the Human Resources Department had received complaints from non-Hispanic workers that Ms. Marroquin was speaking Spanish and making racial slurs in Spanish. Other employees, who do not speak Spanish, misunderstood the subject of Ms. Marroquin's June 23, 2009 conversation described in paragraph 5.8 above.

5.12    Ms. Marroquin was fired for an alleged violation of company policy.

5.13    At the time of her firing, Ms. Marroquin suggested that the Human Resources Department speak to other Spanish-speaking witnesses regarding the content of the conversation

described in paragraph 5.8 above, to corroborate that she was discussing a black blouse, not making a racial slur. However, no such investigation occurred.

5.14    Defendant Pictsweet did not make known any policy restricting all workplace communication to English.

5.15    Ms. Marroquin was not aware of any policy restricting all workplace communication to English, nor was she aware that she could be subject to any adverse action for speaking Spanish at the workplace.

FIRST CAUSE OF ACTION: TITLE VII

6.1    Plaintiff Marroquin reincorporates and realleges paragraphs 2.1 through 5.15 of this complaint as if fully set forth herein.

6.2    Defendant Pictsweet unlawfully, invidiously, and intentionally discriminated against Ms. Marroquin on the basis of her race and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(a), by treating her differently and subjecting her to different terms and conditions of employment than other similarly situated non-Hispanic and Spanish-speaking employees.

6.3    Defendant Pictsweet unlawfully, invidiously, and intentionally discriminated against Ms. Marroquin on the basis of her race and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(a), by firing her for perceived activities that were engaged in by other similarly situated non-Hispanic and Spanish-speaking employees without adverse treatment.

6.4    Such conduct by Defendant Pictsweet constituted unlawful discrimination against Ms. Marroquin on the basis of her race and/or national origin with respect to the terms, conditions, and/or privileges of her employment.

6.5    The unlawful employment practices complained of above caused injury to Ms.

Marroquin, including but not limited to lost wages, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, warranting equitable relief and an award of compensatory damages.

6.6     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Marroquin, warranting the imposition of punitive damages.

6.7     The Court may award Ms. Marroquin, as a prevailing party, reasonable attorney's fees (including expert fees) pursuant to 42 U.S.C. § 2000e-5(k).

## SECOND CAUSE OF ACTION: 42 U.S.C. § 1981

7.1.    Plaintiff Marroquin reincorporates and realleges paragraphs 2.1 through 5.15 of this complaint as if fully set forth herein.

7.2     Defendant Pictsweet violated Ms. Marroquin rights by subjecting her to differential terms and conditions of employment and firing her on account of her race and/or alienage.

7.3     Defendant Pictsweet unlawfully, invidiously, and intentionally discriminated against Ms. Marroquin on the basis of her race and/or alienage in violation of 42 U.S.C. § 1981 by firing her for perceived activities that were engaged in by other similarly situated non-Hispanic and Spanish-speaking employees without adverse treatment.

7.4     Defendant Pictsweet's actions violated Ms. Marroquin's right to receive full and equal benefit of all laws guaranteed by 42 U.S.C. § 1981, including her right to enjoy and benefit from a nondiscriminatory employment relationship with Defendant Pictsweet.

7.5     Defendant Pictsweet's conduct deprived Ms. Marroquin of the same contract-based rights enjoyed by non-Hispanic, non-Spanish-speaking persons, thereby subjecting her to

unlawful discrimination in violation of 42 U.S.C. § 1981.

7.6 Defendant Pictsweet's unlawful actions has caused injury to Ms. Marroquin including but not limited to lost wages, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, warranting equitable relief and an award of compensatory damages.

7.7 The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Marroquin, warranting the imposition of punitive damages.

7.8 The Court may award Ms. Marroquin, as a prevailing party, reasonable attorney's fees (including expert fees) pursuant to 42 U.S.C. § 1988(b) and (c).

## PRAYER FOR RELIEF

8.1 WHEREFORE, the plaintiff, Ms. Marroquin, respectfully requests that the Court grant her the following relief:

    a. Enter a declaratory judgment that Defendant Pictsweet violated the plaintiff's rights under the Civil Rights Act of 1866 (42 U.S.C. § 1981) and under Title VII of the Civil Rights Act of 1964, as set forth in the preceding paragraphs;

    b. Order that the plaintiff be awarded equitable relief, including reinstatement, back pay, and/or front pay, for Defendant Pictsweet's violations of Title VII and 42 U.S.C. § 1981;

    c. Award the plaintiff compensatory damages for Defendant Pictsweet's violations of Title VII and/or 42 U.S.C. § 1981;

    d. Award the plaintiff punitive damages for Defendant Pictsweet's violations

of Title VII and/or 42 U.S.C. § 1981;

e. Award the plaintiff pre- and post-judgment interest as allowed by law;

f. Award the plaintiff reasonable attorney's fees and her costs; and

g. Grant the plaintiff such further relief as the Court deems necessary and proper.

Respectfully Submitted,

/s/ **Melody Fowler-Green**
Melody Fowler-Green
Tennessee Bar No. 023266
Email: mfgreen@trla.org
Western Dist. Membership Application Pending

/s/ **Spring A. Miller**
Spring A. Miller
Tennessee Bar No. 026485
Email: smiller@trla.org
Western Dist. Membership Application Pending

/s/ **Douglas L. Stevick**
Douglas L. Stevick
Tennessee Bar No. 021711
Email: dstevick@trla.org
Member, Western Dist.

SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Suite 135
Nashville, Tennessee 37217
Telephone: (615) 750-1200
Facsimile: (615) 366-3349

February 23, 2010