UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MAYRA MARROQUIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:10-CV-01043-JDB-egb |
| v. ) | |
| ) | |
| THE PICTSWEET COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

In reply to Defendant's opposition to Plaintiff's motion to compel discovery, Plaintiff briefly makes the following points:

1. With respect to the discovery requests at issue in her motion to compel, Plaintiff reiterates that she has narrowed her requests to seek responses only from Defendant's Bells, Tennessee facility and for the period from 2006 through 2009.

2. Regardless of the status of Plaintiff's Title VII claim for race discrimination, see Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel Disc., Dkt. No. 14, at 1 n.1, information and documents relating to race discrimination are facially relevant to her claim under 42 U.S.C. § 1981 for race discrimination, see Pl.'s Original Compl., Dkt. No. 1, at 5–6 (¶¶ 7.1–7.8), a claim over which the EEOC has no jurisdiction.

3. Defendant offers no principled reason or argument why the sought-after discovery should be limited to a one-year period, and this Court has construed broadly in favor of

discoverability the rule that parties may obtain discovery into any nonprivileged matter that is relevant to a claim or defense. See Clifford v. Vilsack, No. 1:09-cv-01002-JDB-egb (July 16, 2010), available at http://www.tnwd.uscourts.gov/JudgeBryant/opinions/665.pdf (requiring a defendant in an age discrimination/retaliation lawsuit to respond to discovery requests covering the entire 1.5-year period for which the defendant had retained records pursuant to its records retention policy); Thomas v. Little, No. 1:07-cv-01117-JDB-egb (Feb. 27, 2009), available at http://www.tnwd.uscourts.gov/JudgeBryant/opinions/531.pdf (requiring a defendant in a religious liberty/First Amendment prisoner lawsuit to respond to discovery request covering a three-year period). Here, Plaintiff's seeking discovery for the four-year period from the beginning to the end of her employment relationship with Defendant is reasonable.

    4.    Discovery into comparable instances of discrimination is entirely appropriate, and Defendant should not be permitted, on the basis of an argument that routinely conflates cases analyzing the issue of comparability on summary judgment with cases analyzing this issue for discovery purposes, to arrogate to itself the ability unilaterally to determine which other employees are similarly situated to Plaintiff.

    5.    Defendant has come forward with no evidence whatsoever, other than a throwaway assertion in its response, to support its contention that producing evidence of all violations of Defendant's EEOC Policy, Harassment Protection Policy, and Work Rules at its Bells facility for a four-year period would be unduly burdensome, even though Defendant concedes the relevance of some of such requested information. See Dkt. No. 14, at 11–12.

    Respectfully submitted,

    /s/ Douglas L. Stevick

        Douglas L. Stevick
        Tennessee Bar No. 021711
        Melody Fowler-Green
        Tennessee Bar No. 023266

        SOUTHERN MIGRANT LEGAL SERVICES
        A Project of Texas RioGrande Legal Aid, Inc.
        311 Plus Park Blvd., Ste. 135
        Nashville, Tennessee 37217
        Telephone: 615.750.1200
        Facsimile: 615.366.3349
        Email: dstevick@trla.org

        COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on this the ____ day of _____, 201____, I electronically filed this document with the Clerk of Court using the ECF system, which sent notice of such filing to the attorney of record for Defendant.

        **/s/ Douglas L. Stevick**
        Douglas L. Stevick